IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CHARLES BRYAN FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-84 |
| | ) | |
| TENNESSEE DEPARTMENT OF SAFETY, | ) | |
| an agency of the State of Tennessee, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Tennessee Department of Safety's Motion for Partial Dismissal of the Amended Complaint" [doc. 82]. Plaintiff has responded [docs. 103 & 104], and the motion is ripe for the court's consideration.

I.

*Background*

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for alleged violation of his constitutional rights stemming from his demotion, transfer, and eventual termination from his position as a Lieutenant with the Tennessee Highway Patrol ("THP"). The original complaint named as defendants the "Tennessee Department of Safety, an agency of the State of Tennessee" and a number of persons in their individual and official capacities. Plaintiff sought only monetary damages in the original complaint. On May 5,

2005, the court entered an agreed order that states in pertinent part:

> [T]he parties have agreed that Plaintiff shall stipulate to the dismissal of all official capacity actions against the Defendants under 42 U.S.C. § 1983 and § 1985 with prejudice. Plaintiff also agrees to dismiss the claim under Tenn. Code Ann. § 50-1-304 against Defendants Fred Phillips and Tom Moore with prejudice and against Tennessee Department of Safety without prejudice.

Plaintiff was given leave to amend his complaint [doc. 72], and on February 8, 2006, he filed his amended complaint [doc. 76], which is also brought pursuant to § 1983 and § 1985 for alleged violation of plaintiff's constitutional rights. The amended complaint names the Tennessee Department of Safety ("TDS") as a defendant and also names as defendants persons who are sued in their individual capacities only. In addition to monetary damages, plaintiff seeks reinstatement to his position as a Lieutenant with THP or front pay.

In the motion before the court, TDS argues that 1) it has already been dismissed with prejudice concerning the § 1983 and § 1985 claims and 2) even if it has not previously been dismissed, plaintiff's new claims for damages are untimely and barred by the applicable statute of limitations. Plaintiff responds by arguing that the agreed order did not dismiss the § 1983 and § 1985 claims against TDS and that the order makes no reference to TDS, which is a state agency not an entity that is sued in its official capacity. Plaintiff further argues that the prospective injunctive relief he is seeking, reinstatement or alternatively front pay, is recoverable from an agency of the state.

II.

*Analysis*

While the court agrees with plaintiff that the agreed order did not dismiss TDS from this lawsuit, it does not agree that any relief can be obtained from TDS based on the § 1983 and § 1985 claims or that TDS can remain a defendant in this lawsuit. For reasons other than those raised in TDS's motion and brief, the court will grant the motion to dismiss.

The agreed order references TDS only with regard to the dismissal without prejudice of the state law claim under Tenn. Code Ann. § 50-1-304. The order does not reference TDS with regard to the claims brought pursuant to § 1983 and § 1985. The language stating that "the parties have agreed that Plaintiff shall stipulate to the dismissal of all official capacity actions against the Defendants under 42 U.S.C. § 1983 and § 1985 with prejudice" does not include TDS. TDS is a state entity and does not need to be sued in an official or individual capacity. Therefore, the § 1983 and § 1985 claims were not dismissed against TDS pursuant to the agreed order entered into by the parties.

Nevertheless, the § 1983 and § 1985 claims brought against TDS in the amended complaint are barred by the Eleventh Amendment. In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held that a state is not a "person" within the meaning of § 1983, in part because the Eleventh Amendment "bars suits by all persons against a State in federal court." *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997). The holding in *Will* also applies to "governmental entities that are

3

considered 'arms of the state.'" *Will*, 491 U.S. at 70. As an agency of the State of Tennessee, TDS is an "arm of the state" and is immune under the Eleventh Amendment from suits brought under § 1983. A state and its agencies are also immune under the Eleventh Amendment from suits brought under § 1985. *See Abe v. Mich. Dep't of Consumer & Indus. Servs.*, No. 99-1813, 2000 WL 1176878, at *1 (6th Cir. Aug. 9, 2000).

However, there are three instances when Eleventh Amendment immunity does not apply: "(1) where the state has consented to suit; (2) where the application of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), and its progeny is appropriate; or (3) where Congress has abrogated the state's immunity." *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999). The first and third exceptions have no application in this case. Under the second exception, "a federal court may enjoin a 'state official' from violating federal law," *Lawson v. Shelby County*, 211 F.3d 331, 335 (6th Cir. 2000) (citing *Ex parte Young*, 209 U.S. 123), and it may award prospective non-monetary relief to a plaintiff who challenges the constitutionality of a state official's action. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002).

> The idea behind this exception is that a suit against a state officer is not a suit against the state when the remedy sought is an injunction against an illegal action, for an officer is not acting on behalf of the state when he acts illegally. In effect, the legal act strips the state officer of his character as an agent of the state for the purposes of the Eleventh Amendment. **Injunctive relief is available under the *Young* exception only against state officers-not the state itself- who violate federal law.**

*Lawson*, 211 F.3d at 335 (emphasis added) (citing *Pennhurst State Sch. & Hosp. v.*

4

*Halderman*, 465 U.S. 89 (1984)).

Plaintiff seeks reinstatement, which is prospective relief. *See Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002). However, he is attempting to obtain this prospective relief from TDS, an arm of the state and therefore the state itself, not from a state officer in his or her official capacity. This he cannot do. The Eleventh Amendment "prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief." *Lawson*, 211 F.3d at 335. In this case, plaintiff cannot get reinstatement from TDS, and all of the official capacity claims have been dismissed with prejudice. Thus, there is no state officer against whom plaintiff can obtain the prospective relief of reinstatement.

Accordingly, TDS and the claims for reinstatement or front pay[1] will be dismissed. TDS also argues alternatively that the § 1983 and § 1985 claims are barred by the applicable statute of limitations. However, based upon the findings set out above, the court does not need to reach this issue. An order reflecting this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[1] Front pay would be a monetary award against TDS clearly barred by the Eleventh Amendment. *See Freeman v. Mich. Dep't of State*, 808 F.2d 1174 (6th Cir. 1987).