IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES BRYAN FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:05-cv-84 |
| | ) | (Jordan/Shirley) |
| TENNESSEE DEPARTMENT OF SAFETY, | ) | |
| an agency of the State of Tennessee, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 125, 126] of the Honorable Leon Jordan, United States District Judge, for disposition of the Plaintiff's Petition for Contempt [Doc. 117] and the Motion to Quash [Doc. 123] filed by the Tennessee Bureau of Investigation. The undersigned held a hearing on these motions on November 15, 2006.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by the plaintiff Charles Bryan Farmer, a former lieutenant with the Tennessee Highway Patrol ("THP"), against the Tennessee Department of Safety, Commissioner of Safety Fred Phillips, Deputy Governor Dave Cooley, and others, alleging that he was demoted, transferred, and ultimately terminated in violation of his due process rights, as well as his First Amendment rights of freedom of speech and association. [Doc. 76].

On September 18, 2006, the plaintiff served a subpoena on the Tennessee Bureau of Investigation ("TBI") records custodian, commanding the production of "[a]ny and all files in your possession concerning any investigation involving, concerning, or relating in any way to activities

of Deputy Governor Dave Cooley and/or Lt. Ronnie Shirley of the Tennessee Highway Patrol." [Doc. 122 Ex. A]. The Tennessee Attorney General responded to the subpoena by a letter dated September 22, 2006 [Doc. 119 Ex. A], raising numerous objections to the plaintiff's subpoena, including: (1) that the subpoena is overly broad and unreasonably burdensome; (2) that the subpoena calls for the production of confidential material; (3) that the materials requested are attorney work product; and (4) that requiring the TBI records custodian to produce the documents in Knoxville would be unduly burdensome. In response to the Attorney General's letter, the plaintiff's counsel clarified his document request, limiting it to the file regarding the TBI investigation concerning a speeding ticket that Deputy Governor Cooley received and which was allegedly dismissed by Rutherford County General Sessions Court Judge David Loughry at Lt. Shirley's request. [Doc. 119 Ex. B].

In his Petition for Contempt [Doc. 117], the plaintiff moves for the entry of an Order holding the TBI in contempt for failing to comply with the subpoena or for otherwise failing to "file any response with the Court, as required by Federal Rule of Civil Procedure 45." The plaintiff contends that the Attorney General's September 22, 2006 letter outlining TBI's objections to the subpoena was not only improper but that the reasons cited therein are "'knee jerk' objections" which are "laughable and disingenuous." The plaintiff further contends that the Attorney General's letter "clearly departs from the custom and practice of the TBI in producing closed filed upon the execution of a Limited Nondisclosure Agreement or protective order." [Doc. 118].

In its response [Doc. 121], the TBI argues that the plaintiff's petition for contempt is premature and contrary to the rules of this Court. Specifically, the plaintiff contends that the petition should be dismissed because (1) the TBI properly served its objections upon the plaintiff's

counsel and (2) the plaintiff has failed to follow the procedures to compel compliance with the subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. Additionally, the TBI moves to quash the subpoena on the following grounds: (1) that the records sought are the work product of the Attorney General; (2) that the information sought is readily available from other sources; (3) that the information sought is not relevant to the plaintiff's underlying cause of action; and (4) that the investigative files of the TBI are confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(2)(A). [Doc. 123].

As a preliminary matter, the Court finds that the TBI's objections were properly asserted by its letter to the plaintiff's counsel on September 22, 2006. Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> [A] person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials . . . . If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material . . . except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.

Fed. R. Civ. P. 45(c)(2)(B). In the present case, the TBI served its objections on the plaintiff by letter dated September 22, 2006, six days prior to the date specified in the subpoena for the production of the file. Once these objections were served, the TBI had satisfied its obligations pursuant to Rule 45, and the burden then shifted to the plaintiff to file a motion seeking to compel compliance with the subpoena. Rather than file a motion to compel, however, the plaintiff filed the present petition seeking to hold the TBI in contempt for failing to comply with the subpoena. Such

a petition is not appropriate under Rule 45, and therefore, the Court finds that the plaintiff's petition for contempt should be denied.

Turning now to the merits of the objections asserted by the TBI with respect to this subpoena, the Court finds that the TBI's refusal to comply with this subpoena is well-founded for two reasons. First, the Court finds that the information sought by the subpoena is not relevant. Rule 26 sets forth the parameters for discoverable information in a civil action:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

In his Amended Complaint [Doc. 76], the plaintiff alleges that following the election of Governor Phil Bredesen, certain employees of the THP and the Department of Safety, which operates the THP, began to give preferential treatment to THP employees who had supported Governor Bredesen's campaign and began to disparately treat those employees who had not supported Governor Bredesen's campaign or were otherwise affiliated with the Republican party, including the plaintiff. The plaintiff further alleges that he was harassed and punished for informing the news media that one of the THP's lieutenants was operating a private business on state time. The plaintiff alleges that these actions violated his constitutional rights.

The plaintiff urges the Court to compel production of the investigation file on the grounds that the file "might show" that Deputy Governor Cooley exercised *de facto* control over the THP and made judgments regarding the plaintiff's employment. Having reviewed the Attorney General's privilege log for the investigation file, the plaintiff's counsel conceded at the hearing that

4

there does not appear to be any information in the file relevant to the plaintiff's claims; however, he argues that he cannot determine whether there is in fact relevant information contained in the file until he has an opportunity to actually review it. Counsel argues that if he determines that nothing in the file is relevant to the plaintiff's claims, he will return it to the TBI.

The issue, however, is not whether the plaintiff would be obligated to return the file upon determining that it has no relevant information; rather, the issue is whether the plaintiff is entitled to obtain the file in the first place. It is not enough for the plaintiff to argue that the file "might" contain relevant information when the file admittedly does not appear to have any relevance to the plaintiff's cause of action. Although "'[t]he boundaries defining information that is relevant to the subject matter involved in the action are necessarily vague and it is practically impossible to state a general rule by which they can be drawn,' it is also true that '[n]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case.'" Food Lion, Inc. v. United Food and Commercial Workers Int'l Union, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008 (2d ed. 1994)). "[E]ven though the standard for relevancy for discovery purposes is a liberal one, . . . the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Hill v. Motel 6, 205 F.R.D. 490, 493 n.2 (S.D. Ohio 2001) (quoting Blum v. Schlegel, 150 F.R.D. 38, 39 (W.D.N.Y. 1993)).

The investigation file sought by the plaintiff does not involve the investigation of any party to this action or of any employee of the Tennessee Highway Patrol. Rather, the file resulted from the TBI's investigation of Rutherford County Judge David Loughry in connection with the

5

alleged fixing of a speeding ticket received by Deputy Governor Cooley. The Attorney General requested this investigation pursuant to his authority under Tenn. Code Ann. § 8-6-112, which authorizes the Attorney General to conduct investigations of judicial officials.[1] The subject of this investigation, Judge Loughry, is not a party to this case, nor is it alleged that he had any involvement with any of the decisions made regarding the plaintiff's employment. While the privilege log prepared with respect to this file indicates that some THP employees were interviewed as a result of this investigation, it does not appear that the plaintiff was interviewed or otherwise involved in any way in the investigation. In fact, Assistant Attorney General Lyndsay Fuller represented to the Court at the hearing that she had reviewed every document in the subject TBI file and that the plaintiff's name is never referenced. For these reasons, the Court cannot say that the TBI's investigation of Judge Loughry regarding this speeding ticket incident is relevant to the plaintiff's claim that he was deprived of his constitutional rights by the defendants.

Even if the subject file could be construed as possibly containing some information relevant to the present litigation, the Court finds that the TBI's file is protected by the work product doctrine. Rule 26(b)(3) of the Federal Rules of Civil Procedure, provides, in pertinent part, as follows:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in

---

[1] The Tennessee Attorney General "has the authority to conduct an investigation and has the authority to initiate the criminal prosecution of any judge, chancellor or judicial elected official and/or district attorney general . . . ." Tenn. Code Ann. § 8-6-112(a). The Attorney General is further authorized "to request the director of the Tennessee bureau of investigation to furnish such assistance as may be required" by the attorney general and reporter in the performance of the attorney general and reporter's duties under this section." Tenn. Code Ann. § 8-6-112(e).

> anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable to without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

As the Supreme Court explained in Hickman v. Taylor, the point of the work product doctrine is that "[d]iscovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." 329 U.S. 495, 516 (1947) (Jackson, J. concurring).

When a claim of work product is made, the party seeking discovery must first demonstrate that the material sought is relevant to the subject matter and not privileged pursuant to Rule 26(b)(1). Toledo Edison Co. v. G.A. Technologies, Inc., 847 F.2d 335, 339 (6th Cir. 1988). If the court determines that the material sought is relevant and not privileged, the burden shifts to the objecting party to demonstrate that the material was "prepared in anticipation of litigation or for trial" by or for that party or that party's representative. Id. If the court finds that the material was prepared in anticipation of litigation or for trial, the burden shifts back to the party requesting the material to demonstrate (1) a "substantial need" for the material for the preparation of the party's case and (2) that the party is unable without "undue hardship" to obtain the substantial equivalent of the material through other means. Id. at 339-40. Even if the requesting party shows substantial need and undue hardship, the court may not permit discovery of the attorney's "mental impressions, conclusions, opinions, or legal theories." Id. at 340. With respect to this latter issue, the objecting

7

party has the burden of demonstrating "that the nature of the materials are mental impressions, conclusions, opinions or legal theories of an attorney or representative." Id.

As previously noted, the Court finds that the plaintiff has failed to establish that the material sought by his subpoena is relevant. However, assuming that the material requested was relevant, the Court further finds that the plaintiff has not demonstrated either a substantial need for the material or an undue hardship in obtaining the material through other means. As Assistant Attorney General Fuller pointed out in oral argument, the plaintiff may depose Deputy Governor Cooley and/or Lt. Shirley, and, if the plaintiff could show it to be relevant, the plaintiff could inquire of these witnesses regarding their involvement in the speeding ticket matter. For these reasons, the Court concludes that the TBI investigation file requested by the plaintiff's subpoena is protected work product, and the Court shall therefore not require that the file be produced.

Upon carefully reviewing the allegations set forth in the plaintiff's complaint, as amended, as well as the material submitted to the Court in support of his petition for contempt and his response to the motion to quash, the Court concludes that the material sought by the subpoena is not relevant to this civil action. To the extent that the material contained in this file could be construed as being relevant, the Court finds that the file is nevertheless protected work product, and that the plaintiff has not made the requisite showing under Rule 26 for its production. Accordingly, the plaintiff's Petition for Contempt [Doc. 117] is **DENIED** and the TBI's Motion to Quash [Doc. 123] is **GRANTED**.

**IT IS SO ORDERED.**
**ENTER:**

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge